IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD HAYWOOD                      )
                                    )
            Plaintiff,               )
                                    )
vs.                                 )
                                    )  Case No. 22-cv-1219-RJD
ANTHONY JONES, et al.,               )
                                    )
            Defendants.              )
                                    )
                                    )

**ORDER**

**DALY, Magistrate Judge:**

    This matter comes before the Court on a renewed Motion for Recruitment of Counsel by Plaintiff. Doc. 43. When presented with a request to appoint counsel, the Court first determines whether the indigent plaintiff made a reasonable attempt to obtain counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Here, Plaintiff outlines reasonable attempts to obtain counsel, so the issue for the Court to consider is whether Plaintiff appears competent to litigate *pro se* in light of the complexity of the case. *Id*.

    Defendant Hood filed a Motion for Summary Judgment on the Issue of Administrative Remedy Exhaustion. Doc. 50. The record reflects that Plaintiff successfully exhausted his administrative remedies against the other Defendants. Doc. 50-3, pp. 12-16. The record further reflects that Plaintiff was well-versed in the grievance process within the IDOC as he filed many grievances and appeals during his time in prison. Doc. 50-1, pp. 1-7. At this stage in the case, all that Plaintiff must do is provide an explanation for the manner in which he exhausted (or attempted to exhaust) his administrative remedies regarding Defendant Hood. Plaintiff's filings reflect his ability to do so, although the Court notes that he failed to file a timely response to Defendant's Motion. *Sua sponte*, the Court grants Plaintiff until September 23, 2024 to respond

to Defendant Hood's Motion (Doc. 50). In his Motion for Recruitment of Counsel, Plaintiff notes that he is having difficulty working a full-time job and litigating this case. While the Court will allow Plaintiff additional time to respond to Defendant's motion, this circumstance does not warrant recruitment of counsel. The ultimate issue in this case-whether Defendants denied Plaintiff due process at a disciplinary hearing-is not particularly complex. After Defendant Hood's motion is resolved, and if Plaintiff experiences additional difficulties litigating this case, he may renew his request for recruitment of counsel.

Plaintiff also asks for an extension of time to "file initial disclosures." Doc. 44. Plaintiff's initial disclosures should be mailed directly to defense counsel. Plaintiff claims that defense counsel would not provide him with her address or e-mail address "because it's against the law." Court filings reflect defense counsel's physical and email addresses. (201 West Pointe Drive, Suite 7, Swansea, IL 62226 and jennifer.powell@ilag.gov. To the extent Plaintiff has not already done so, he should mail his Initial Disclosures to defense counsel on or before September 6, 2024.

**IT IS SO ORDERED.**

**DATED: August 22, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**