IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HAYWOOD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-1219-RJD |
| ANTHONY JONES, JOSHUA SCHOENBECK, SANDY WALKER, and HEATHER HOOD, | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant Hood's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. Doc. 49. Plaintiff did not file a Response. As explained further, Defendant Hood's Motion is GRANTED.

**Background**

Plaintiff, formerly incarcerated within the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983. Doc. 20. Plaintiff alleges that on September 9, 2021, he was involved in a staff assault at Pontiac Correctional Center and received two disciplinary tickets. *Id.*, p. 9. Later that day, he transferred to Menard Correctional Center ("Menard") and was placed in a cell with only his jumpsuit and mattress. *Id.*, pp. 19-21. The next day, Plaintiff spoke to Defendant Hood (a counselor) and told her he had no bedding or food. *Id.*, p. 21. Defendant Hood allegedly replied "I will ask the sergeant if I can give you some sheet[s] but I don't know about food what [were] you expecting after beating up a white man?"

*Id*.  Defendant Hood told Plaintiff that the disciplinary hearing regarding the staff assault had to occur within 14 days of receiving the tickets and if it did not, he would "beat" the charges.  *Id*., p. 22.  However, the disciplinary hearing on Plaintiff's tickets was held on February 15, 2022 by Defendants Schoenbeck, Walker, and Jones.  *Id*., p. 24.  Plaintiff informed Defendants that too much time had passed, and he had no notice that charges were still pending against him, but nevertheless they proceeded with the hearing.  *Id*.  After the hearing, Plaintiff spent six months in a filthy cell in segregation.  *Id*., p. 10.

Following the Court's threshold review conducted pursuant to 28 U.S.C. §1915A, Plaintiff proceeded on the following claims:

> Count 2: Eighth Amendment conditions of confinement claim against Defendant Hood for allowing Plaintiff to be denied food.
>
> Count 3: Fourteenth Amendment Due Process claim against Jones, Schoenbeck, and Walker for disciplining Plaintiff with six months in segregation without due process.

Doc. 32.  Defendant Hood filed the instant Motion for Summary Judgment (Doc. 49), contending that Plaintiff did not exhaust his administrative remedies against her prior to filing suit (an affirmative defense).  Defendants Jones, Schoenbeck, and Walker moved to withdraw their affirmative defense of administrative remedy exhaustion.  Doc. 52.

When Defendant Hood filed her Motion for Summary Judgment on May 9, 2024, Plaintiff's Motion for Recruitment of Counsel was pending.  The undersigned denied Plaintiff's Motion on August 22, 2024, noting that he appeared capable of explaining how he exhausted his administrative remedies (which is all that is required of him at this stage in the case).  Doc. 53.  However, Plaintiff had not filed a Response to Defendant Hood's Motion for Summary Judgment and the Court sua sponte gave him until September 23, 2024 to do so.  *Id*.  The Court's August

22, 2024 Order was mailed to Plaintiff's address of record, and returned to the Court with the explanation "no such street unable to forward." The Court is not convinced that this explanation is accurate, because the Court has previously mailed orders to Plaintiff at this address that he appears to have received. For example, one month after the Court entered (and mailed to Plaintiff at this address of record) the Initial Scheduling Order that required Plaintiff to produce Initial Disclosures, Plaintiff asked for an extension of time to do so. Doc. 44. In any event, the Court has not received any pleadings from Plaintiff since February 28, 2024.

## Exhaustion Requirements

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board ("ARB") for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

Where an inmate faces "a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," his grievance is handled as an emergency. *Id.* § 504.840(a). The Warden decides whether the grievance should be handled as an emergency, and if so, expedites processing of the grievance and responds to the offender. *Id.* § 504.840(b). If the inmate subsequently appeals the emergency grievance, the ARB also expedites its processing of the grievance. *Id.* § 504.850(f).

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

Defendant Hood attached nearly 200 pages of Plaintiff's ARB records to her Motion for Summary Judgment. Docs. 50-1, 50-2, 50-3, 50-4, 50-5, 50-6. Those records reflect that Plaintiff submitted a grievance directly to the ARB on September 19, 2021 regarding his transfer from Pontiac to Menard. Doc. 50-6, pp. 33-35. Nothing in the grievance refers to Defendant Hood, Plaintiff's lack of food, and/or his conversation with Defendant Hood. *Id*. Plaintiff also submitted a grievance directly to the ARB in February 2022 that mentioned Defendant Hood, but only that she told him the hearing on his disciplinary tickets must take place within 14 days of receiving the tickets. Doc. 50-6, pp. 5-6. The grievance does not mention Plaintiff's lack of food upon arrival at Menard, nor does it mention Defendant Hood's alleged "what did you expect?" commented regarding the food. *Id*. Instead, the grievance describes the alleged staff assault at Pontiac, the disciplinary tickets, and the amount of time that subsequently passed before a hearing was held on Plaintiff's disciplinary tickets. *Id*. None of the other grievances appealed by Plaintiff to the ARB in 2021 or 2022 mention Defendant Hood. Docs. 50-1, 50-2, 50-3, 50-4, 50-5, 50-6.

In his Complaint, Plaintiff alleges that the records of his efforts to submit grievances regarding this case are all attached to the Complaint as exhibits. Doc. 20, pp. 7, 8. There are 232 pages attached to Plaintiff's Amended Complaint as exhibits and 59 pages attached to the original Complaint as exhibits. Docs. 1, 20. The February 6, 2022 grievance that mentions Counselor

Hood (in regards to her statement that the hearing on his disciplinary tickets must take place within 14 days of receiving the tickets) is found within those records, but no other grievances mention Counselor Hood.   *Id*.

Overall, the record reflects that Plaintiff failed to exhaust his administrative remedies against Defendant Hood.  He did not appeal any grievances to the ARB that identify Defendant Hood's failure to ensure Plaintiff received food at Menard on or around September 19, 2021, nor does any evidence indicate that he submitted a grievance at Menard regarding this issue. Defendant Hood's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies is GRANTED.   Plaintiff's claim against Defendant Hood is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter judgment accordingly at the close of the case.

The Motion to Withdraw the Affirmative Defense of Failure to Exhaust Administrative Remedies filed by Defendants Jones, Schoenbeck, and Walters (Doc. 52) is also GRANTED.  By separate entry, the Court will enter a Scheduling Order for discovery on the merits of Plaintiff's claim against Defendants Jones, Schoenbeck, and Walters.

**IT IS SO ORDERED.**

**DATED:   January 23, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**