IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HAYWOOD,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY JONES, et al.,<br><br>    Defendants. | Case No. 22-cv-1219-RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, formerly incarcerated within the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983, alleging that Defendant violated his civil rights at Menard Correctional Center. On three occasions, the Court warned Plaintiff that this case would be dismissed if he failed to notify the Court of a change in his address. Docs. 12, 32, and 41. Plaintiff was released from prison in September 2023. Doc. 31. He most recently updated his mailing address in January 2024. Doc. 40. Defendant filed a Motion for Summary Judgment on the Issue of Administrative Remedy Exhaustion on May 3, 2024. Doc. 49. Plaintiff never filed a Response. The Court granted the motion and entered a Scheduling Order. Docs. 55 and 56. The Court mailed the Orders to Plaintiff, but they were returned to the Court with the statement "return to sender no such number unable to forward" printed on the envelope. Doc. 58. An order entered by the Court in August 2024 on motions filed by Plaintiff was also returned with the statement "return to sender no such street unable to forward" printed on the envelope. Docs.

53 and 54.

Defendants filed a Motion to Dismiss for Failure to Prosecute on February 25, 2025, informing the Court that defense counsel mailed Plaintiff a letter requesting his deposition, but it was returned to defense counsel's office with the statement "not deliverable as addressed." Doc. 57. Plaintiff never responded to the motion. On March 31, 2025, the Court entered the following Order:

> The last three Orders entered by this Court (Docs. 53, 55, 56) were all returned to the Court by the USPS with the statements "return to sender no such street unable to forward" or "return to sender no such number unable to forward" stamped on the envelopes. Docs. 54 and 58. Similarly, defense counsel mailed correspondence to Plaintiff and received "return to sender not deliverable as addressed unable to forward" on the envelope. Doc. 57-1. Plaintiff has not responded to Defendants' Motion to Dismiss for Lack of Prosecution, filed nearly five weeks ago. Doc. 57. It appears Plaintiff has lost interest in this case. He was previously warned that failure to update the Court with his address may result in dismissal. Docs. 12 and 32. On or before April 21, 2025, Plaintiff SHALL file a pleading with this Court that explains why this case should not be dismissed with prejudice for lack of prosecution. Plaintiff is warned that failure to comply with this Order will result in the dismissal of this case with prejudice.

Plaintiff did not respond to this Order. Nearly 14 months have passed since Plaintiff filed any type of pleading. Doc. 44.

This Court has the "inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). Dismissal is appropriate here because Plaintiff failed to comply with the Orders to update his address or communicate in any way with the Court in the last 14 months. This case is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

DATED:  April 22, 2025

*s/  Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**